**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued April 15, 2011
June 29, 2011

**Before**

Hon. Richard A. Posner, *Circuit Judge*

Hon. Daniel A. Manion, *Circuit Judge*

Hon. Joan Humphrey Lefkow, *District Judge*[*]

| | |
|---|---|
| No. 10-2842 | Petition for Review of a Final Order from the Board of Immigration Appeals |
| Syed A. Mateen, | |
| *Petitioner*, | No. A095 922 020 |
| *v.* | |
| Eric H. Holder, Jr., Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Exactly when Syed Mateen last entered the United States is unclear. Even he seems not to be sure. What was clear to an immigration judge and the Board of Immigration Appeals is that Mateen had not been continuously physically present in the United States for ten years. Thus, he did not qualify for cancellation of removal for nonpermanent residents. Mateen now petitions this court for review of the Board's decision. Because his petition attacks a discretionary

---

[*] Hon. Joan Humphrey Lefkow of the Northern District of Illinois, sitting by designation.

decision of the attorney general and does not raise colorable legal or constitutional claims, we dismiss the petition for lack of jurisdiction.

I.

A native of Pakistan, Mateen first entered the United States on vacation with his parents in 1978 and then moved here himself in 1981. He has claimed that he last entered the country in either 1982 or 1987. Elsewhere, he admitted that he was granted landed immigrant (*i.e.*, permanent resident) status in Canada in 1997 or 1998 and moved to Toronto. Other than a trip back to Pakistan to marry his wife, he lived in Canada more or less continuously until either 2000 or 2001. In 2000 he applied for citizenship in Canada, claiming that he had only been absent from that country for 102 days in the previous four years. In March 2001 he received Canadian citizenship. That August, he reentered the United States intending to remain here permanently.

In 2002, immigration officials arrested Mateen, but released him after a brief detention. That December, Mateen sought adjustment of status as the son of a United States citizen based on an approved visa petition that one of his parents had filed on his behalf in 1994. In September 2004, that visa petition was revoked because his parent had died, and in October his adjustment of status application was denied. He was arrested in November 2004 and then charged with removability as an alien who had remained in the United States longer than permitted and who was not in possession of a valid entry document. 8 U.S.C. §§ 1227(a)(1)(B), 1227(a)(1)(A) & 1182(a)(7)(A)(i)(I).

Before an immigration judge, Mateen conceded removability. Curiously, he designated his country of removal as Pakistan and then applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1) on the basis that his United States-born daughter would not have access to adequate medical care in Pakistan for her Hirschsprung's disease (a blockage of the large intestine due to improper muscle movement in the bowel). Neither the record nor Mateen's attorney has been able to explain why Mateen did not seek removal to Canada, where he was a citizen and where his daughter could presumably get appropriate care.

The immigration judge found Mateen ineligible for cancellation of removal, holding that he could not demonstrate that he met the ten-year continuous physical presence requirement of § 1229b(b)(1): documents received from the Canadian citizenship office provided "very compelling [evidence] that [Mateen] lived in Canada for a substantial period of time, probably from 1997, 1998, to 2001." To the judge, Mateen's testimony to the contrary was "deliberately misleading." Based on that misleading testimony, the judge also concluded that Mateen was not a person of good moral character.[1]

---

[1]The immigration judge also found that Mateen had failed to establish exceptional and extremely unusual hardship to his daughter, but the Board did not need to reach this issue.

Mateen appealed to the Board of Immigration Appeals, but the Board agreed with the immigration judge's decision and dismissed the appeal. In evidence before the immigration judge and the Board was a Form I-213 Record of Deportable/Inadmissible Alien from Mateen's 2004 arrest that documented his admission of significant absences in the previous ten years. That, coupled with the evidence obtained from Canadian immigration authorities, led the Board to determine that Mateen could not establish by a preponderance of the evidence his ten-year continuous physical presence. It also agreed with the immigration judge that Mateen's false testimony precluded him from establishing good moral character.

II.

This court lacks jurisdiction to review the Attorney General's discretionary denial of any request for cancellation of removal under § 1229b. 8 U.S.C. § 1252(a)(2)(B)(i). We may still review constitutional claims or questions of law under § 1252(a)(2)(D), but this review does not include an examination of disputed facts of a petitioner's case. *Khan v. Filip*, 554 F.3d 681, 688–89 (7th Cir. 2009). Mateen argues that he has presented two such claims.

First, he argues that the Board legally erred by failing to consider relevant credible evidence as required by § 1229b(2)(d). The Board, like the immigration judge before it, acknowledged Mateen's evidence, but found his case riddled with contradictions and overwhelmed by the evidence to the contrary. Mateen's claim is nothing more than a challenge to the Board's determination of questions of fact and credibility dressed as a "legal question" under § 1229b(2)(d); it does not engage our jurisdiction. *See Abraham v. Holder*, No. 10-2256, slip op. at 11–12 (7th Cir. Jun. 1, 2011); *Khan*, 554 at 689.

Second, Mateen argues that the immigration judge denied him a sufficient opportunity to rebut the evidence against him, violating the constitutional guarantee of due process. But we have expressly held that aliens do not have a right to due process in purely discretionary proceedings under § 1229b(b)(1). *Cevilla v. Gonzales*, 446 F.3d 658, 662 (7th Cir. 2006). Thus, Mateen's due process claim is not a colorable constitutional claim sufficient to support our jurisdiction. He raised no others.

III.

Mateen's petition for review of the Board of Immigration Appeal's decision is therefore DISMISSED for want of jurisdiction.